**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | I.D. No. 0901003188 |
| v. | ) | |
| | ) | |
| | ) | |
| D'ANDRE ROGERS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This 3rd day of February 2026, the Court enters the following Order:

## ORDER LIFTING STAY

1.     The Defendant filed a motion under Rule 35(a) for relief from an allegedly illegal sentence pursuant to the ruling of the United States Supreme Court in *Erlinger v. United States*.[1]  This was but one of a barrage of "*Erlinger* claims" from inmates at the Department of Correction filed throughout the Superior Court. In order to allow for an orderly consideration of the *Erlinger* case, the Court stayed further action until the decisional law began to develop as to the judicial response to *Erlinger*.  While further litigation may well yield refinements in the Court's treatment of *Erlinger* claims, many are now ripe for resolution and the Court

---

[1] *Erlinger v. United States,* 602 U.S. 821 (2024).

therefore enters this Order lifting the stay in those cases whose resolution is clear from the developing case law.

## ORDER ON THE MERITS

2.  The history of Defendant's predicament may be summarized from one of the innumerable judicial opinions issued since it began:

> In May 2010, following a Superior Court jury trial, Defendant D'Andre Rogers was found guilty of second degree murder (a lesser included offense of first degree murder), possession of a firearm during the commission of a felony, and possession of a deadly weapon by a person prohibited.
>
> The charges stemmed from the shooting death of Derek Hoey. Defendant Rogers shot Hoey at least four times with a handgun, killing him. Prior to trial, Defendant Rogers admitted to shooting Hoey in the thigh. At trial, Defendant Rogers testified that he lied to the police when he admitted that he shot Hoey. Defendant Rogers testified that another person actually shot Hoey but that he told the police he had done it to somehow protect that other person.
>
> On September 24, 2010, Defendant was sentenced to a total of forty years at Level V suspended after thirty-five years, followed by decreasing levels of probation.[2]

3.  In this iteration, Defendant seeks relief from the Court pursuant to the U.S. Supreme Court's ruling in *Erlinger v. United States*. *Erlinger* requires the Court

---

[2] *State v. Rogers*, 2016 WL 908915, at *1 (Del. Super. Mar. 9, 2016) (footnotes omitted).

to submit to a jury any facts upon which the Court aggravates the sentence beyond the statutory maximum for the offense of conviction.[3]

4.      Rogers was convicted of murder, second degree, carrying a potential sentence of life in prison. He was sentenced to thirty-five years. His sentence was not enhanced by any fact that required a jury's finding. Therefore, his motion for Correction of Illegally Imposed Sentence Enhancements is **DENIED** and the Motion for Appointment of Counsel is **MOOT**.

    **IT IS SO ORDERED**.

/s/ Charles E. Butler          
Charles E. Butler, Resident Judge

cc:    Prothonotary
        D'Andre Rogers (SBI # 00447190)
        John W. Downs, Deputy Attorney General

---

[3] *Erlinger*, 602 U.S. at 834-35.